UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHNATHAN O. DANIELS a/k/a
JONATHAN O'NEAL DANIELS,

                       Petitioner,
     v.                                              9:20-CV-0655
                                                    (GLS/DJS)
UNITED STATES PROBATION,

                       Respondent.
_____

APPEARANCES:                                       OF COUNSEL:

JOHNATHAN O. DANIELS
09000554
Petitioner, pro se
Onondaga County Justice Center
555 South State Street
Syracuse, NY 13202

GARY L. SHARPE
Senior United States District Judge

**DECISION and ORDER**

I.    **INTRODUCTION**

     Petitioner Johnathan O. Daniels, also known as Jonathan O'Neal Daniels, seeks federal habeas relief pursuant to 28 U.S.C. § 2241. Dkt. No. 1, Petition ("Pet.").[1]

     On June 11, 2020, this action was administratively closed due to petitioner's failure to properly commence the case by either paying the statutory filing fee or filing a properly certified IFP application. Dkt. No. 2, Order. On June 22, 2020, the Court received the statutory filling fee, and it reopened the action. Dkt. Entry of June 22, 2020 (identifying

---

[1] After remitting the statutory filing fee, petitioner also refiled a copy of his petition. Dkt. No. 4. Because it is an identical copy, reference will be made to the original filing.

receipt information for the filing fee transaction); Dkt. No. 3, Text Order (reopening case).

## II.    THE PETITION[2]

The procedural posture leading up to the federal detainer that petitioner challenges is impossible to decipher.  Petitioner has failed to indicate his underlying criminal conviction, whether there was additional criminal conduct which formed the basis for his probation revocation, and, if so, how that conduct was resolved.  All petitioner states is that he is a pretrial detainee in both federal and state custody, pursuant to a federal detainer which was signed on August 6, 2018.  Pet. at 1-2.[3]

Petitioner contends that there has been no violation paperwork filed in conjunction with the federal detainer.[4]  Pet. at 2.  Petitioner alleges that he is entitled to habeas relief because he "[s]hould not be held continuously on U.S. Marshall Detainer with no violation of probation imposed."  *Id.* at 6.

Petitioner states that he has not filed any appeal, grievance or administrative remedy to attempt to resolve his present complaints.  Pet. at 2-3, 5.  Despite the detainer being issued in Fall 2018, petitioner contends that he has not attempted to exhaust his remedies

---

[2] It is presumed that petitioner is either a federal prisoner challenging the execution of his sentence – parole decision – or that he is a state prisoner who is also a pretrial detainee; otherwise, if petitioner is a state prisoner serving a state conviction, he would have to bring this challenge pursuant to 28 U.S.C. § 2254.  *See Blanchard v. New York*, No. 9:18-CV-0448 (GTS/CFH), 2018 WL 2324054, at *2 (N.D.N.Y. May 22, 2018).  With more information, the Court will be able to better determine whether the petition itself is appropriate.  Furthermore, regardless of whether the petition should be brought pursuant to § 2241 or § 2254, the same rules regarding Rule 2 and exhaustion apply.

[3] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

[4] "A detainer is a request filed by a criminal justice agency . . . asking the institution either to hold the prisoner for the agency or to notify the agency when release . . . is imminent . . . Detainers generally are based on outstanding criminal charges, outstanding . . . probation-violation charges, or additional sentences already imposed against the prisoner."  *Carchman v. Nash*, 473 U.S. 716, 719 (1985).

because the "[c]oronavirus now has courts closed . . . with no date when they will resume regular order[.]" *Id.* at 6. Petitioner requests removal of the detainer and immediate release from custody. *Id.* at 7.

## III. DISCUSSION

### A. Rule 2

Petitioner's papers do not comply with the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). Habeas Rules 2(c)(1) and (2) require that a petition specify all grounds for relief available to the petitioner and the facts supporting each ground. Although petitioner sets forth barebones assertions regarding the grounds of his petition, it otherwise contains no factual basis regarding the procedural history of his underlying criminal conviction or the basis for petitioner's detainer and revocation. The Court will not speculate on the grounds, and supporting facts, being advanced by petitioner. Each ground he wants to raise in this proceeding, and the facts supporting each ground, must be set forth in the petition itself.

Thus, petitioner is given leave to file an amended petition within thirty (30) days of the filing date of this Decision and Order to clarify the factual basis underlying his criminal conviction(s), federal detainer, and present claim.

### B. Exhaustion

While there is no statutory exhaustion requirement for petitions filed pursuant to 28 U.S.C. § 2241(c)(3), federal courts may require, as a matter of comity, that petitioners seeking relief pursuant to section 2241 exhaust all avenues of state relief before seeking a federal writ. *See McPherron v. New York*, No. 9:16-CV-1010 (FJS); 2016 WL 4523933, at *2

3

(N.D.N.Y. Aug. 22, 2016) (citing *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973) (requiring exhaustion in a challenge to pre-trial detention); *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (same); *Whelan v. Noelle*, 966 F. Supp. 992, 997-98 (D. Or. 1997) (requiring exhaustion in a challenge to the legality of extradition proceedings); *Stewart*, No. 9:08-CV-1127 (TJM/GJD), Dkt. No. 3, Decision and Order, at 5-6 (same)).

To properly exhaust his claims, petitioner must do so both procedurally and substantively. Procedural exhaustion requires that the petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that the petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Here, because it is unclear what the factual basis and procedural history of petitioner's underlying criminal conviction and subsequent violation are, it is impossible to determine how petitioner needed to go about exhausting his present claim. However, it is undisputed that exhaustion is required. *See Blanchard*, 2018 WL 2324054, at *2-*3 (concluding that failure to exhaust under either § 2254 or § 2241 renders the petition premature); *Harrison v. Wolcott*, No. 6:20-CV-6270, 2020 WL 3000389, at *2 (W.D.N.Y. June 4, 2020) (explaining the differences between exhaustion of a § 2254 petition and a § 2241 petition and concluding that exhaustion is required in both instances). Furthermore, the petition explicitly states that no

4

attempt at exhaustion has been made.[5]

"Because § 2241's exhaustion requirement is a judicial invention, it is amendable to judge-made exceptions."  *McPherson v. Lamont*, No. 3:20-CV-534, --- F. Supp. 3d ---, 2020 WL 2198279, at *6 (D. Conn. May 6, 2020) (internal quotation marks omitted) (citing *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016)).  The bases for a waiver to exhaustion generally include situations where (1) exhaustion would be futile "because agency decisionmakers are biased[,] . . . the agency has already determined the issue . . . [or u]ndue delay . . . results in catastrophic health consequences;" (2) "the administrative process [is] incapable of granting adequate relief including situations where the relief the agency might provide could, because of undue delay, become inadequate;" and (3) "agency review would subject [petitioner] to undue prejudice."  *Id.* (citing *Washington v. Barr*, 925 F.3d 109, 118-19 (2d Cir. 2019)).

Petitioner indicates that "coronavirus has courts suspended with no date when they will resume."  Pet. at 6.  While, when "[c]ompared to Section 2254's exhaustion requirement, Section 2241's exhaustion requirement may be easier to avoid in light of the current pandemic," it is unclear whether petitioner's present conclusory and unsupported allegation is sufficient to cause the Court to waive the exhaustion.  *Harrison v. Wolcott*, No. 6:20-CV-6270, 2020 WL 3000389, at *2 (W.D.N.Y. June 4, 2020) (citing cases).

Accordingly, from the face of the petition, it does not appear that proper exhaustion has occurred.  Except in the limited circumstances outlined above, which also must be

---

[5] "[I]t is . . . possible that various State remedies are available, including an Article 78 proceeding, New York C.P.L.R. § 7801 . . ., State habeas corpus, a special proceeding under New York Criminal Procedure Law § 580.20 the New York counterpart to the Interstate Agreement on Detainers . . . and, of course, by motion to dismiss when respondent executes the detainer in its favor . . . Although the court expresses no opinion on the applicability of any of these remedies to one in petitioner's position, it is apparent that none has been exhausted." *Vinson v. Dep't of Probation*, 472 F. Supp. 1112, 1113-114 (E.D.N.Y. 1979) (denying § 2241 petition from a federal prisoner seeking discharge from warrant lodged against him as a probation violation detainer because petitioner failed to exhaust his remedies prior to filing his habeas petition) (internal quotation marks and citations omitted).

presented to the Court, exhaustion is a prerequisite to the pursuit of habeas relief. Thus, petitioner is given leave to file an amended petition within thirty (30) days of the filing date of this Decision and Order to clarify the aforementioned issues for the Court.[6]

## IV.   CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner may file an amended petition **within thirty (30) days** of the filing date of this Decision and Order. The Clerk is directed to provide petitioner with a blank § 2241 habeas petition for this purpose. Petitioner shall complete every part of the blank petition, including the sections requiring him to state the name and location of the court that entered the challenged judgment(s), the date of the judgment(s), and, if applicable, the offense(s) for which he was convicted and the length of the sentence that was imposed. Petitioner must also state the date(s) upon which he filed any proceedings in which he challenged his conviction and detainer and clearly set forth the grounds raised in each application and the date(s) upon which the applications were denied. If petitioner is asking the Court to waive the exhaustion requirement, he must set forth facts establishing a basis for the application of said waiver as stated above. **Petitioner must specify all of the grounds upon which his federal petition is based, and the facts supporting each ground**, in the amended petition.

Petitioner **shall not** incorporate any portion of his original papers into his amended petition by reference. He must include all relevant information in the amended petition and

---

[6] A motion to amend filed prior to the exhaustion of petitioner's state administrative and judicial remedies would be denied as futile. *See Simpson v. Yelich*, No. 9:18-CV-0417 (GTS/TWD), 2018 WL 4153928, at *3 (N.D.N.Y. Aug. 30, 2018) (citations omitted) (denying motion to amend a petition to add an admittedly unexhausted claim as futile).

shall submit only one amended petition in accordance with the terms of this Decision and Order. Petitioner must also sign and date the petition; and it is further

**ORDERED** that, if petitioner does not file an amended petition within thirty (30) days of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without further order of the Court, Habeas Rule 4; and it is further

**ORDERED** that, upon the filing of any amended petition, the Clerk shall forward the file in this matter to the Court for further review. No answer to the petition will be required from respondent until petitioner has submitted the amended petition, and the Court has had the opportunity to review it; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Local Rules of Practice.

July 10, 2020
Albany, New York

Gary L. Sharpe
U.S. District Judge