**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JOHNATHAN O. DANIELS, *also known as*
JONATHAN O'NEAL DANIELS,

                                        Petitioner,

            - v -                                        9:20-CV-655
                                                         (DNH/DJS)
UNITED STATES PROBATION,

                                        Respondent.

**APPEARANCES:**                    **OF COUNSEL:**

JONATHAN O. DANIELS
Petitioner, *Pro Se*
09000554
Onondaga County Justice Center
555 South State Street
Syracuse, New York 13202

ANTOINETTE T. BACON                 EMER M. STACK, ESQ.
Acting United States Attorney       Assistant United States Attorney
Northern District of New York
Attorney for Respondent
100 South Clinton Street
Syracuse, New York 13261

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER[1]

    *Pro se* Petitioner Jonathan O'Neal Daniels, currently confined at Onondaga

County Justice Center, seeks a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Dkt.

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and
N.D.N.Y.L.R. 72.3(c).

No. 6, Am. Pet. Petitioner challenges a U.S. Marshal detainer that has been in place since August 6, 2018, without a violation of probation being imposed. *Id.* at p. 2. He seeks to have the detainer removed so that he can post bail on the local charges for which he is being detained. *Id.*

Respondent opposes the Amended Petition and contends that the application should be dismissed, both because Petitioner is not "in custody" for purposes of Section 2241, and because the Amended Petition is meritless. Dkt. No. 15, Resp. Mem. of Law. Petitioner has submitted a Traverse. Dkt. No. 24. For the reasons that follow, it is recommended that this action be dismissed in its entirety.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a pretrial detainee currently being held at Onondaga County Justice Center. Am. Pet. at p. 1. Petitioner pled guilty to a federal crime in the U.S. District Court for the Northern District of New York in 2014, when he was sentenced to 66 months of imprisonment, followed by three years of supervised release. Dkt. No. 15-1, Stack Decl., Ex. A. Petitioner's supervised release conditions contained a condition that he not commit another federal, state, or local crime. Dkt. No. 23-1, Stack Decl. Ex. B. Petitioner was released from the Bureau of Prisons on July 13, 2018. He is currently in custody at the Onondaga County Justice Center awaiting trial in state court on charges of second-degree murder in violation of New York Penal Law § 125.25 and second-degree

2

possession of a weapon, in violation of Penal Law § 265.03.  Am. Pet.  On August 6, 2018, Supervising United States Probation Officer Kester filed a petition for an arrest warrant based on Petitioner's alleged violation of his conditions of supervised release, seeking revocation of the supervised release.  Stack Decl. Ex. B.  Judge Hurd ordered that an arrest warrant be issued, and on August 6, 2018, the U.S. Marshal lodged a detainer with the Onondaga County Justice Center arising out of the supervised release violation petition and arrest warrant.  Dkt. No. 15-2, Jackson Decl., Ex. A; Dkt. No. 23, Jackson Decl. Ex. B.  The arrest warrant has not been executed, and Petitioner has not made an initial appearance on his alleged violation of supervised release.  Jackson Decl. at ¶¶ 6-7.

Petitioner is challenging the U.S. Marshal detainer that has been in place since August 6, 2018, contending that he should not be held continuously on a detainer without a violation of probation being imposed.  Am. Pet. at pp. 2 & 6.  He has contacted the U.S. Probation Department as well as federal court to try to resolve the detainer issue but has not received any assistance.  *Id.* at pp. 6-7.  Petitioner explains that he is currently fighting state charges and awaiting trial, based on alleged violations of New York Penal Law Sections 125.25 and 265.03, and has been prevented from posting bail for those charges due to the ongoing federal detainer.  *Id.* at p. 6.

## II.  DISCUSSION

Petitioner has brought his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Am. Pet.

> Section 2241 is the general habeas corpus enabling statute that is used when a prisoner is challenging the execution of a federal sentence, such as the administration of parole and the computation of a sentence by prison officials.  This section encompasses writs on behalf of prisoners "in custody under or by color of the authority of the United States" or "in custody in violation of the Constitution or laws or treaties of the United States." *Rossney v. Travis*, No. 00 Civ. 4562(JGK), 2003 WL 135692, at *4 (S.D.N.Y. Jan.17, 2003) (quoting 28 U.S.C. § 2241(c)(1),(3)).  "Section 2241 has been used to challenge the execution of a federal sentence when the underlying conviction is not at issue," *id.*, such as an attack on a decision to deny parole.  *See James [v. Walsh]*, 308 F.3d [162, 166-67 (2d Cir. 2002)]; *see also Chambers v. United States*, 106 F.3d 472, 474-75 (2d Cir. 1997).

*Anderson-El v. U.S. Parole Com'n*, 2006 WL 2604723, at *3 (S.D.N.Y. Sept. 11, 2006);

*see also Boone v. Menifee*, 387 F. Supp. 2d 338, 243 (S.D.N.Y. 2005).

### A.  Whether Petitioner is "In Custody"

Initially, Respondent contends that Petitioner is not "in custody" for purposes of Section 2241 and that therefore the Court lacks jurisdiction to entertain the Petition.  In particular, Respondent argues that a detainer by the U.S. Marshal is insufficient to render Petitioner "in custody."  Resp. Mem. of Law at pp. 3-6.  *Id.*  It asserts that Petitioner was only in state custody at the time of filing, and that the Petition is premature and not ripe for review.  *Id.*

"It is axiomatic that a writ must be made 'on the ground that [the petitioner] is in custody in violation of the Constitution or the laws or treaties of the United States.'" *Jackson v. Leonardo*, 2012 WL 4171042, at *6 (E.D.N.Y. July 27, 2012) (quoting 28 U.S.C. § 2254(a)).  Here, Petitioner is "in custody" for purpose of conferring jurisdiction to the Court under the statute.

In *U.S. ex rel. Meadows v. State of N.Y.*, the petitioner sought to challenge a New York State conviction while he was in federal custody.  426 F.2d 1176, 1179 (2d Cir. 1970).  There, the Second Circuit found that the New York detainer "represent[ed] a present claim by New York of jurisdiction over Meadows' person and of the right to subject him to its orders and supervision in the future. As such, it constitute[d] sufficient 'custody' to render the remedy of habeas corpus available to Meadows." *Id.*  Moreover, the Court explained that this was so even though the restraint was only a detainer lodged, rather than a sentence to be served: "because of the parole detainer, Meadows will not be placed at liberty when his federal prison term is completed; instead, he will be delivered into the custody of the appropriate New York state authorities for them to make such disposition of the detainer as they deem proper." *Id.*; *see also United States v. Mercedes*, 1997 WL 122785, at *2 (S.D.N.Y. Mar. 17, 1997) (where petitioner was on parole under a state sentence, "[t]he fact that Mercedes is in state custody, rather than federal custody, is irrelevant.  A petitioner such as Mercedes, whose federal sentence is to be served upon

completion of a state sentence he is still serving and who has not as yet commenced his federal sentence, satisfies the custody requirements of Section 2255."). Indeed, the fact that an individual need not be physically detained for habeas corpus to be available is well settled in this Circuit. *See DeVivo v. Mance*, 2009 WL 2882937, at *5 (N.D.N.Y. July 20, 2009), *report and recommendation adopted sub nom. DeVivo v U.S. Prob. Off.*, 2009 WL 2914063 (N.D.N.Y. Sept. 4, 2009) (finding petitioner was "in custody" for purposes of 2241 petition while physically in state custody and challenging a federal detainer against him); *see also Jackson v. Leonardo*, 2012 WL 4171042, at *6 (ongoing parole term constitutes "custody"); *Campbell v. United States*, 2011 WL 4460359, at *1 (E.D.N.Y. Sept. 26, 2011) ("a habeas challenge to a future sentence may be brought in the jurisdiction of future custody"); *Goodwin v. Hammock*, 502 F. Supp. 756, 758 (S.D.N.Y. 1981) (finding detainer constituted sufficient "custody" to make available habeas corpus); *Noonan v. Smith*, 375 F. Supp. 925, 925-26 (W.D.N.Y. 1974) ("The writ of habeas corpus may be employed to contest the validity of future as well as present restraints.").

The Second Circuit's determination that a detainer constitutes custody because it signifies "a present claim by [the government] of jurisdiction over [petitioner's] person and of the right to subject him to its orders and supervision in the future" is readily applicable to Petitioner's case. The Court does not find the cases to which Respondent

cites for the proposition that an unexecuted detainer is insufficient to confer custody, consisting of cases from other circuits and one immigration case, to be persuasive.  *See* Resp. Mem. of Law at pp. 4-5.

In addition, Respondent argues that the Petition is premature and not ripe for review because "Petitioner seeks relief from future incarceration resulting from [the] detainer, incarceration that is uncertain and speculative."  Resp. Mem. of Law at pp. 5-6. However, the case Respondent cites in support of this proposition is readily distinguishable from this case.  In that case, the petitioner was seeking to alter the terms of an expected sentence on a violation of supervised release for which he had not yet been sentenced; he was seeking the federal court to either dismiss the detainer or to revoke his probation and sentence him in absentia, so that the sentence would run concurrently with the sentence Petitioner was already serving.  *Campbell v. United States*, 2011 WL 4460359.  As such, in that case, the petitioner was seeking "relief from the outcome of a parole revocation proceeding yet to be conducted."  *Id.* at *11.  Here, Petitioner is seeking to alter the terms of the present detainer in order to be relieved of effects that he believes the detainer is currently having on his state-imposed incarceration.  The issue is not premature in the way Campbell's petition was, and the Court finds this argument unavailing.

### B.  The Constitutionality of the Detainer

Respondent also contends that any argument that Petitioner's constitutional rights have been violated because the detainer has been pending for multiple years is meritless. Resp. Mem. of Law at pp. 6-9.  Respondent asserts that the requirement that a revocation hearing be held within a reasonable time after a person is taken into custody only becomes applicable when the individual is taken into custody for the parole violation.  *Id.*  As such, the length of time the warrant has been pending, but not executed, does not provide the basis for a constitutional violation.  *Id.*

The Court finds that Petitioner is not in custody in violation of the Constitution or laws or treaties of the United States due to the long-pending detainer against him.  "After an arrest warrant for a parolee or releasee has been issued on the basis of his or her parole or supervised release violation, there is 'no constitutional duty to provide [the parolee or releasee with] an adversary . . . hearing until he is taken into custody as a parole [or supervised release] violator by execution of the warrant.'"  *U.S. v. Ramos*, 401 F.3d 111, 115 (2d Cir. 2005) (quoting *Moody v. Daggett*, 429 U.S. 78, 89 (1976)).  "Therefore, 'delay between a defendant's violation and the execution of the violation warrant does not, in and of itself, violate a defendant's due process rights.'"  *Id.* (quoting *U.S. v. Sanchez*, 225 F.3d 172, 175 (2d Cir. 2000)); *see also U.S. v. Wall*, 208 F.3d 204 (table), 2000 WL 280322, at *2 (2d Cir. 2000) (summary order) (citing *Moody v. Daggett*, 429

8

U.S. at 89) ("The issuance of a warrant and the lodging of a detainer, while the person is incarcerated elsewhere for a separate crime, do not constitute being taken into custody. . . . [I]t is the execution of the warrant, after termination of the intervening sentence, that takes the person into custody for the parole violation and triggers the obligation for a *Morrissey* hearing.").

If Petitioner believes he is entitled to be released from state custody, then his complaint is against the actions of state officials, not against the outstanding federal detainer. *See Russo v. United States*, 2018 WL 9485045, at *2 (N.D.N.Y. Oct. 17, 2018) (where petitioner contended that a federal detainer interfered with his ability to participate in certain programs in state custody that could reduce his period of incarceration, "the detainer is necessary to return Petitioner to federal custody for the violation of his supervised release; if State officials deny him participation in programs while in State custody based on the detainer, his complaint must be against them."); *United States v. Yarborough*, 137 F.3d 1351 (5th Cir. 1998) ("If Yarborough is being denied rehabilitative programs, then his only complaint is against the actions of state officials, not the outstanding federal detainer.").

## III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Amended Petition (Dkt. No. 6) be **DENIED** and **DISMISSED**; and it is further

**RECOMMENDED**, that no Certificate of Appealability ("COA") be issued because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2).  Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[2] within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  <u>**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**</u>  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*,

---

[2] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).

892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Dated:  May 27, 2021
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge